IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Citizens for Tax Reform, *et al.*, | : | |
| | : | Case No. 1:05-CV-212 |
| Plaintiffs, | : | |
| v. | : | District Judge Susan J. Dlott |
| | : | |
| Joseph T. Deters, *et al.*, | : | ORDER DENYING MOTION FOR |
| | : | RECONSIDERATION |
| Defendants. | : | |

This matter comes before the Court on the State of Ohio's Motion for Reconsideration of the State of Ohio's Motion to Supplement the Record (doc. 59). For the reasons that follow, the motion is **DENIED**.

**II.    BACKGROUND AND ANALYSIS**

This case was filed on April 1, 2005. Briefing on cross-motions for summary judgment has been complete since March 31, 2006,[1] after which time the case was transferred from the docket of Chief Judge Sandra Beckwith to the undersigned Judge. The State of Ohio moved on November 11, 2006 to supplement the record and submitted three newspaper articles in support of the motion. (Doc. 57.) The Court issued an Order denying the motion to supplement the record on November 20, 2006 holding that newspaper articles were inadmissible heresay. (Doc. 58.) The State of Ohio now moves for reconsideration of that Order and states for the first time that it seeks to supplement the record with another round of discovery.

The Court held a status conference with the parties by telephone on November 26, 2006

---

[1] The State of Ohio was permitted to file a revised affidavit on May 17, 2006 to correct alleged deficiencies in an earlier filed affidavit, and Plaintiffs were permitted to file a memorandum addressing the revised affidavit on August 24, 2006. (Docs. 51, 55.)

1

and addressed this issue. The State of Ohio, through their attorney, contended that the Court should re-open discovery for a period of 90 days so that the parties could gather evidence regarding alleged and possible instances of fraud occurring in the recent November 2006 election cycle. Re-opening discovery also would necessitate an additional round of briefing, which would require 30-60 more days to complete. The State of Ohio has not represented in either the motion to supplement the record, the motion for reconsideration, or in the telephone conference that it has evidence that fraud, in fact, did occur did the November 2006 election cycle. At most it has pointed to newspaper articles reporting allegations that fraud might have occurred. Interestingly, the newspaper articles did not purport to tie the alleged instances of fraud to circulators who were paid on the basis of the number of signatures collected or the number of voters registered. Plaintiffs, through their attorney, stated their opposition to additional discovery during the telephone conference.

The Court will deny the motion for reconsideration and will not permit additional discovery in this case. Discovery has been complete in this case for months, as has briefing on the cross-motions for summary judgment. The Court is prepared to rule on the cross-motions for summary judgment and will do so contemporaneously with this Order. The Court is not persuaded that justice requires that the State be able to investigate possible instances of fraud from the 2006 election. The parties have had ample time to take discovery regarding numerous previous elections in which circulators were permitted to be paid on a per-signature basis including, for example, one general election, one primary election, and three special elections in 2005, and one general election, one primary election, and one special election in 2004. The time for discovery has come to an end and the time for resolution is here. It is in interests of justice

that the constitutionality of Ohio Revised Code § 3599.111 be resolved before the 2007 election cycle begins.

## III. CONCLUSION

For the foregoing reasons, the State of Ohio's Motion for Reconsideration of the State of Ohio's Motion to Supplement the Record (doc. 59) is **DENIED**.

IT IS SO ORDERED.

    s/Susan J. Dlott    
Susan J. Dlott
United States District Judge