IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Citizens for Tax Reform, *et al.*, | : | |
| | : | Case No. 1:05-CV-212 |
| Plaintiffs, | : | |
| v. | : | District Judge Susan J. Dlott |
| | : | |
| Joseph T. Deters, *et al.*, | : | ORDER DENYING MOTION TO |
| | : | DISMISS BASED ON MOOTNESS |
| Defendants. | : | |

This matter comes before the Court on the State of Ohio's Motion to Dismiss Based on Mootness (doc. 56).  For the reasons that follow, the motion is **DENIED**.

I.      BACKGROUND AND ANALYSIS

Plaintiffs Citizens for Tax Reform ("CTR") and Jeffrey P. Ledbetter, a former Treasurer of CTR, filed a Verified Complaint on April 1, 2005 challenging the constitutionality of the O.R.C. § 3599.111 on the grounds that the prohibition of payment to petition circulators on a per-signature or per-volume basis violated their core political speech rights.  Defendants are Joseph T. Deters, Mathias H. Heck, Jr. and the intervenor, the State of Ohio.  The State of Ohio has moved to dismiss this action based on mootness.

The State of Ohio argues that Plaintiffs' claims are moot because Plaintiffs have no pending voter initiative, no current contract with a signature-collecting firm, and have disbanded as an organization.  As proof that the CTR has disbanded, the State of Ohio refers the Court to the Ohio Secretary of State's website, <http://www1.sos.state.oh.us/pls/portal/PORTAL_CF.CF_QRY_PAC_COVERPAGE1.show?p_arg_names=year&p_arg_values=2006&p_arg_names=report_type&p_arg_values=250&p_arg_n

1

ames=report_key&p_arg_values=88837>, which the State explains shows that CTR has reported no expenditures since June 4, 2006. The Court does not believe that the lack of expenditures for a several month period is conclusive that CTR has disbanded. Moreover, in earlier affidavits submitted by Plaintiffs, CTR officers state that CTR intends to advance new petition efforts in the future. (Lebetter Aff.; Mead Aff.) Finally, it is not clear upon what grounds the State of Ohio asserts that CTR has no current contracts with a signature-collecting firm, but, if they did, the Court would not find that fact to be dispositive of whether the case was moot. In sum, the Court finds that the State of Ohio has not established that CTR has disbanded or that the live case or controversy requirement is not satisfied.

Additionally, even if CTR had disbanded, an exception to the mootness doctrine exists for wrongs that are "capable of repetition, yet evading review." This doctrine applies when "(1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and (2) there is a reasonable expectation or a demonstrated probability that the controversy will recur." Libertarian Party of Ohio v. Blackwell, 462 F.3d 579, 584 (6th Cir. 2006). The Court has little difficulty concluding that the first requirement is met. "Legal disputes involving election laws almost always take more time to resolve than the election cycle permits." Id. As to the second requirement, it is "somewhat relaxed" in election cases. Lawrence v. Blackwell, 430 F.3d 368, 372 (6th Cir. 2005). The requirement is met here because the Court finds that another initiative or petition proponent organization almost invariably will challenge the Statute in a future election cycle. See id. ("Even if the court could not reasonably expect that the controversy would recur with respect to ["the plaintiffs"], the fact that the controversy almost invariably will recur with respect to some future potential candidate or voter

in Ohio is sufficient to meet the second prong.")

### III. CONCLUSION

For the foregoing reasons, the State of Ohio's Motion to Dismiss Based on Mootness (doc. 56) is **DENIED**.

IT IS SO ORDERED.

                   _s/Susan J. Dlott_
                   Susan J. Dlott
                   United States District Judge